UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABELARDO MORALEZ,<br>      Plaintiff,<br>v.<br><br>MCDONALDS – STEJOCA INCORPORATED, STEVEN HOGWOOD, THERESA MCWALTERS, and DENNIS SOLODON<br>      Defendants.<br>_____/ | Case No.: 20-13023<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## **ORDER ON MOTION (ECF No. 6)**

Plaintiff Abelardo Moralez, proceeding *pro se*, filed this action on October 31, 2020. (ECF No. 1). He later filed what he described as his "amended pleading with a motion for discovery/disclosures."[1] (ECF No. 6, PageID.41). As the title of the document suggests, the pleading includes discovery requests. (*Id.* at PageID.44, 47).

To the extent the document was intended to be, at least in part, an amended complaint, it is **STRICKEN**. The amended complaint does not comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether

---

[1] Moralez mailed this document directly to my chambers, rather than to the Clerk's Office. Moralez must send all documents to be filed to the Clerk's Office. Any documents received by chambers will be returned to the sender.

filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."[2] E.D. Mich. L.R. 15.1. This document is not a full recitation of a complaint.[3]

Further, a pleading should not be combined with a motion, as Moralez attempted here. "A request for a court order must be made by motion[,]" not combined with an amended complaint. Fed. R. Civ. P. 7(b). It is perplexing as to why Moralez specifically cited Rule 26(a)(1)(B). That subsection outlines the specific proceedings which are exempt from initial disclosure. This case does not qualify.

Assuming Moralez is seeking a Court order for initial disclosures to be provided under Fed. R. Civ. P. 26(a)(1)(A), the following applies. The defendants have not yet been served and discovery has not commenced in this matter. In civil litigation, the parties are required to adhere to Fed. R. Civ. P. 26(f) which requires

---

[2] Although Moralez is representing himself in this matter, he is still expected to adhere to the rules governing litigation in this court. *West v. Saginaw Twp. Police Dep't.*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014) (a *pro se* plaintiff is "not excused from failing to follow the Federal Rules of Civil Procedure"); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure.").

[3] The Court notes Moralez has time to amend his complaint as of right. Under Fed. R. Civ. P. 15(a)(1), a plaintiff may amend the complaint once as a matter of course either within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b). *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) (Rule 15(a) "gives plaintiffs an absolute right to amend a complaint before a 'responsive pleading' is served.").

them to conduct a discovery conference *prior to commencing discovery*. Rule 26(d) prohibits a party from seeking discovery from "any source" before the parties have conducted a Rule 26(f) conference, except when authorized by the Rules, stipulation or court order. A Rule 26(f) conference has not taken place, the Rules do not authorize early discovery in this matter, there is no stipulation between the parties for early discovery, and Moralez has not requested leave to conduct early discovery. At any rate, he provided no grounds in the motion to allow early discovery. The motion for Rule 26 disclosures is therefore **DENIED** as premature and improper.

Moreover, Moralez's apparent attempt to serve discovery requests on the defendants in the first instance by filing them with the Court is improper under Eastern District of Michigan Local Rule 26.2 and Fed. R. Civ. P. 5(d)(1). Discovery requests must be made in accordance with Fed. R. Civ. P. 26 through 37 if and when the time for discovery begins. *See* Fed. R. Civ. P. 26-37. That is, discovery requests must be directed to the defendants, not filed with the Court. Therefore, Moralez's motion is due to be denied as it is an improper means of submitting discovery to the defendants.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in

3

Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 14, 2020               s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 14, 2020, by electronic means and/or ordinary mail.

                                      s/Kristen MacKay
                                      Case Manager
                                      (810) 341-7850