UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABELARDO MORALEZ,<br>      Plaintiff,<br>v.<br><br>MCDONALDS – STEJOCA<br>INCORPORATED, STEVEN<br>HOGWOOD, THERESA<br>MCWALTERS, and DENNIS<br>SOLODON<br>      Defendants.<br>_____/ | Case No.: 20-13023<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON MOTION TO STAY (ECF No. 18) AND AMENDED MOTION (ECF No. 22)

Plaintiff Abelardo Moralez, proceeding *pro se*, filed this action on October 31, 2020. (ECF No. 1). On December 14, 2020, the Court entered an Order denying Plaintiff's November 30, 2020, "Motion for Disclosures and Discovery." (ECF No. 7). Plaintiff filed a motion to stay that Order. (ECF No. 18). Plaintiff also filed what appears to be a motion to amend his complaint. (ECF No. 22).

  A.  Motion to Stay

The Court construed Plaintiff's "Motion for Disclosures and Discovery" as a combined motion to amend the complaint and a motion for Fed. R. Civ. P. 26(a) initial disclosures, as well as submission of discovery requests to the defendants. (ECF No. 6). The motion to amend the complaint was stricken because the motion

did not comply with Local Rule 15.1 in that Plaintiff did not reproduce the entire pleading as amended along with his motion to amend.  The Court further noted, however, Plaintiff could have amended his complaint as of right at that time.  (ECF No. 7, PageID.61-62, n.3).  The Court also declined to allow early initial disclosures.  The Court explained discovery would commence after a Rule 26(f) conference, which would occur after the defendants appeared in the matter.  (*Id.* at PageID.63).  Finally, the Court explained sending discovery requests to the defendants by filing them with the Court is inappropriate; discovery requests must be sent directly to the defendants, when discovery commences.  (*Id.*).

Plaintiff filed a motion to stay the Court's Order under Federal Rules of Civil Procedure 38, 39, 54, and 62.  Rules 38 and 39 are regarding trial by jury or by the Court; neither provide for staying a Court Order.  Rule 54 discusses judgment and awards of costs and attorney fees; it does not provide for a stay of a Court Order.  Rule 62 is for a stay of proceedings to enforce a judgment.  There is no judgment in this matter at this time that can be stayed.

It appears Plaintiff may seek a stay of the Order to complete service of process.  (ECF No. 18, PageID.147).  As all defendants have been served and have answered the complaint, the motion to stay the Order pending service is **DENIED AS MOOT**.  In the alternative, Plaintiff may seek a stay of the Order pending a ruling by the District Judge on his objections to the Order, which he filed January

2

11, 2021. (ECF No. 21). The party seeking a stay pending an appeal must establish likelihood of success on appeal. *See Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, 2008 WL 3843512, at *1 (E.D. Mich. Aug. 13, 2008) (citing *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001)); *see also* E.D. Mich. Local Rule 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."). Because Plaintiff failed to provide any grounds on which to stay the Order pending resolution of his objections, the motion is **DENIED**.

    B.    <u>Motion to Amend Pursuant to Rule 15(a)(2)</u>

Plaintiff attempted to utilize this motion to amend Count V of his complaint regarding age discrimination. (ECF No. 22, PageID.217). At this stage, Plaintiff may still amend his complaint as of right under Fed. R. Civ. P. 15(a)(1). Under Rule 15(a)(1), a plaintiff may amend the complaint once as a matter of course either within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b). Defendants filed their answer to the complaint on January 4, 2021. Therefore, Plaintiff may still amend his complaint as of right without seeking leave of the Court. For this reason, his motion to amend the complaint (ECF No. 22) is **TERMINATED AS MOOT**. Nonetheless, to ensure efficient administration of the docket, Plaintiff must file his amended complaint

3

within **21 days** of entry of this order. If filed, the amended complaint must be the <u>entire pleading as amended</u>. Plaintiff may not incorporate any prior pleading by reference. If Plaintiff files an amendment to only a portion of the original complaint, the amendment will be stricken.

Further, Plaintiff's motion also appears to be a request that the undersigned recuse himself from this case pursuant to 28 U.S.C. § 455. (*Id.* at PageID.218). Although the grounds for raising the motion are less than clear, the undersigned will address recusal pursuant to the statute. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The provision requires a judge to *sua sponte* recuse himself if the judge knows of facts that would undermine the appearance of impartiality. *Weatherspoon v. J. Thibault*, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994). Rather than a subjective determination of bias, the statute "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (internal quotation marks omitted)).

Plaintiff has not alleged facts providing a basis to reasonably believe the undersigned maintains a personal bias or a bias developed as a result of some extrajudicial source, and the undersigned is unaware of any such facts. To the extent the basis for seeking disqualification rests upon the undersigned's prior ruling in this matter, it is unavailing. As observed by the Supreme Court in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). The Sixth Circuit reiterated that "[a] party cannot establish bias simply because it is unhappy with a [ ] judge's rulings." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (citing *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 681 (6th Cir. 2001)). For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair judgment. *Liteky*, 510 U.S. at 544. Plaintiff has not set forth facts demonstrating a pervasive bias arising from facts adduced during proceedings in this matter that is so extreme as to render the undersigned magistrate judge unable to act impartially. The appropriate vehicle for plaintiff to challenge rulings of the undersigned he believes to have been erroneously decided

is to file an objection pursuant to Fed. R. Civ. P. 72, as he has already done in this matter.[1]

For the foregoing reasons, the motion is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 28, 2021      s/Curtis Ivy, Jr.
                Curtis Ivy, Jr.
                United States Magistrate Judge

---

[1] Plaintiff's motion also appears to restate his objections to the Court's Order, discussed above. His objections are not addressed by the undersigned as Judge Lawson will address them by a separate Order.

6

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2021, by electronic means and/or ordinary mail.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850