UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABELARDO MORALEZ,<br>     Plaintiff,<br>v.<br><br>MCDONALDS – STEJOCA INCORPORATED, STEVEN HOGWOOD, THERESA MCWALTERS, and DENNIS SOLODON<br>     Defendants.<br>_____/ | Case No.: 20-13023<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING MOTIONS FOR DISCOVERY (ECF No. 51, 52), DENYING MOTION TO VACATE (ECF No. 57), DENYING MOTION TO ABROGATE (ECF No. 62), AND DENYING MOTION (ECF No. 63)**

  Before the Court are five motions filed by Plaintiff Abelardo Moralez. (ECF Nos. 51, 52, 57, 62, 63).

A. Motions for Discovery (ECF Nos. 51, 52)

  Plaintiff filed two motions for discovery that are identical except the later-filed motion contains hospital records unrelated to the content of the motion. (ECF No. 52). Within the paragraphs of extraneous information are two requests for documents or information from the defendants. Plaintiff seeks "books on management procedure" and payroll records and identification of defendant's employee named Kathy. In response to the requests, Defendant McDonalds Stejoca, Inc., states the request is untimely as the discovery period closed July 13,

2021, they have already produced all relevant documents, and payroll records of the employee are irrelevant and not part of a proper discovery request. (ECF No. 53).

The motions are **DENIED** for a number of reasons. First, Plaintiff may not submit discovery requests to the defendants through a motion to the Court. Discovery requests must be served on defendants in accordance with the Federal Rules of Civil Procedure. Second, the requests were mailed to the Court on July 15 and 19, 2021, after the discovery period closed, and thus are untimely. Third, and most notably, Defendants state there is no book on management procedure, but the company has several policies and procedures which have already been produced to Plaintiff through initial disclosures. In other words, there is nothing left to produce. The Court cannot compel production of what does not exist. And finally, Plaintiff has not demonstrated "Kathy's" payroll records are relevant to the issues in this case, and for the first three reasons, the request is improper.

B.    Motion to Vacate (ECF No. 57)

On August 10, 2021, Plaintiff mailed to the Court what he titled "Motion to Vacate" the Court's Order dated July 26, 2021. (ECF No. 57). This motion to vacate is identical the objections he filed to the July 26, 2021 Order. (ECF No. 54). Judge Lawson overruled the objections. (ECF No. 55). Plaintiff did not cite authority nor provide any grounds for vacating the Order, for example,

because of mistake or fraud.  Fed. R. Civ. P. 60(b).  As no grounds to vacate have been put forth, and the substance of the motion has already been addressed by the Court, the motion to vacate is **DENIED**.

C. <u>Motion to Abrogate (ECF No. 62) and Motion (ECF No. 63)</u>

Plaintiff filed two documents much like some of his earlier documents—their contents are rambling and disjointed.  (ECF No. 62, 63).  The aim of Plaintiff's motion is not clear.  Plaintiff airs his dislike of a Michigan statute and then asks the Court to pass a new law—using these motions to attempt to overturn a state law is not the proper procedure, least of all because his complaint does not allege unconstitutionality with regard to a state law.  Portions of the remainder of the motions appear to do with his recent stay at a mental hospital.  As stated in this Court's July 26, 2021 Order, "Plaintiff is warned any future motions that do not clearly state a request for relief and grounds for granting the request will be summarily stricken." (ECF No. 50).  The Court finds the motion to abrogate and the second motion violate the Order, and thus, the motions are **STRICKEN**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.

3

Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 30, 2021

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2021, by electronic means and/or ordinary mail.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850