UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABELARDO MORALEZ,
     Plaintiff,

v.

MCDONALDS – STEJOCA
INCORPORATED, STEVEN
HOGWOOD, THERESA
MCWALTERS, and DENNIS
SOLODON,
     Defendants.

_____/

Case No.: 20-13023

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS (ECF No. 56) AND FOR SUMMARY
JUDGMENT (ECF No. 59), AND PLAINTIFF'S MOTION FOR
<u>PRELIMINARY INTERLOCUTORY INJUNCTION (ECF No. 68)</u>**

## I.   PROCEDURAL HISTORY

Plaintiff Abelardo Moralez initiated this lawsuit without the assistance of

counsel on October 31, 2020.  (ECF No. 1).  Now before the Court are Defendants

McDonalds – Stejoca Incorporated ("MSI"), Steven Hogwood, Theresa

McWalters, and Dennis Solodon's motions for judgment on the pleadings and for

summary judgment.  (ECF Nos. 56, 59).  Plaintiff filed two response briefs which

appear to be identical copies.  (ECF Nos. 69, 71).  Plaintiff also filed a motion for

preliminary injunction, to which the Defendants did not respond.  (ECF No. 68).

This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 4).  The motions are now ready for report and recommendation.

For the reasons discussed below, the undersigned recommends the motion for judgment on the pleadings be **GRANTED IN PART, DENIED IN PART**, and the motion for summary judgment be **DENIED IN PART** as to the retaliation claims and **TERMINATED AS MOOT** with respect to the remaining claims. Finally, the undersigned recommends Plaintiff's motion for preliminary injunction be **DENIED**.

## II.   BACKGROUND

### A.   Complaint Allegations

Plaintiff's claims center on his termination from a McDonalds franchise owned by MSI.  The complaint contains four counts: (1) Count I – Violation of 42 U.S.C. § 1983 Race, Ethnicity, and Color Discrimination and Retaliation; (2) Count II – Violation of Elliott-Larsen Civil Rights Act Race and National Origin Discrimination; (3) Count III – Violation of Whistleblower's Protection Act; and (4) Count IV – Violation of Title VII Race and National Origin Discrimination Retaliation.  (ECF No. 1, PageID.14-18).

The factual allegations supporting the claims are not a model of clarity and often read as a general airing of grievances about incidents that occurred during his time as an MSI employee.  He began his employment at MSI on September 5,

2

2019.  Plaintiff asserts he is Mexican.  According to Plaintiff, once, defendant McWalters told him to "get [his] lazy Mexican ass over here and stock fries/nuggets/fish while I smoke and eat my breakfast pronto."  (*Id.* at PageID.4, ¶ 14).  He appears to allege two other MSI employees who were not named as defendants did not like him and perhaps did not like Mexican men.  (*Id.* at PageID.5).  He also alleges non-defendants made racist comments about a black male coworker who ultimately quit.  (*Id.* at PageID.6).  He alleges throughout the complaint he was competent at this job and better at it than some of his coworkers.

Plaintiff alleges he suffered a right rotator cuff tear while working on November 28, 2019.  He asserts boxes of goods such as sausage and bacon were stacked over six feet high in the freezer.  He needed to take down a box of sausage and struggled to do so because he is only five feet three inches tall.  As he pulled a box of sausage down, he injured his right shoulder.  He reported to work for his next shift on December 1, 2019.  He told his manager, "Carrie," about the injury. Carrie allegedly called Plaintiff a liar.  Because Plaintiff did not report the injury within twenty-four hours, Carrie allegedly denied Plaintiff a workers' compensation benefits form.  (*Id.* at PageID.8, ¶ 26).

Plaintiff continues in the complaint with a rather inappropriate list of various punches he wanted to inflict on a coworker over a conflict unrelated to the claims here.  (*Id.* at PageID.10, ¶ 29).

After some employee theft had occurred, defendant McWalters ordered another male employee to search Plaintiff.  This employee groped Plaintiff's buttocks and touched his genitals.  Plaintiff later confronted this employee and threatened him.  (*Id.* at PageID.11, ¶ 33-35).  He told a coworker who told a non-defendant manager about the sexual harassment.  The manger did not act to stop the harassment.  (*Id.*).

On June 7, 2020, a coworker cut in front of him at the timeclock to punch in for the shift.  Plaintiff made an "off the cuff remark" "passively" stating, "whites are first."  (*Id.* at PageID.12, ¶ 37).  The women near Plaintiff at that time were not upset by his remark.  In any event, Plaintiff was suspended for the racial remark and ultimately fired.  He was not allowed to see the suspension or termination paperwork, allegedly in violation of "due process."  (*Id.* at PageID.13, ¶ 40).  Plaintiff asserts his racial remark was speech protected by the First Amendment, and thus his termination was without a basis.  (*Id.* at PageID.14, ¶ 41).  He contends he was fired because he is Mexican.  (*Id.*).

B.     Defendants' Motions

On August 20, 2021, the four defendants filed a joint motion for judgment on the pleadings.  (ECF No. 56).  Defendants argue they are entitled to judgment on the pleadings because (1) they are not parties subject to § 1983, (2) Plaintiff failed to state a prima facie case for national original discrimination pursuant to

Title VII or the Elliott-Larsen Civil Rights Act, (3) Plaintiff's Whistleblowers' Protection Act claim is time-barred, and (4) Plaintiff failed to pursue administrative remedies on his Workers' Disability Compensation Act claim. Although Plaintiff did not set aside a separate count for a Workers' Disability Compensation Act claim, Defendants liberally construed the complaint to contain such a count given Plaintiff's allegations of a shoulder injury and references to workers' compensation.

Approximately three weeks after they moved for judgment on the pleadings, Defendants moved for summary judgment. (ECF No. 59). The first, third, and fourth arguments raised in the motion for judgment on the pleadings are repeated in the motion for summary judgment. The new arguments raised in the new motion relate to Plaintiff's failure to respond to Defendants' requests for admission. They assert that because Plaintiff did not respond, the requests are deemed admitted. Now that they are admitted, they are entitled to judgment as a matter of law.

As stated, Plaintiff filed two copies of the same response brief. (ECF Nos. 69, 71). The response appears to be addressed to the motion for summary judgment more so than the motion for judgment on the pleadings. That said, he did not address any of the augments raised by the defendants in either motion. He provided a narrative account of his alleged work-related shoulder injury that

occurred November 28, 2019.  He asserts he was not given a WorkComp

Employee Injury report because non-white hourly workers were required to report

injuries within 24-hours.  Plaintiff did not report his injury until three days later.

He also asserts despite that he was allegedly bed-ridden the day after because of

the shoulder injury, he did not know he was "disabled" until January 7, 2021.  (*Id.*

at PageID.668).

Defendants did not explain why they filed two dispositive motions.  They

did not convey a desire for the motion for judgment on the pleadings to be

withdrawn or dismissed.  Because that motion was filed first, the undersigned will

address it first.

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Judgment on the Pleadings

#### 1.   Standard of Review

The standard of review for a motion for judgment on the pleadings under

Rule 12(c) is substantially the same as that for a motion to dismiss under Rule

12(b).  *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) ("A rule 12(c)

motion for judgment on the pleadings for failure to state a claim upon which relief

can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to

dismiss.") (citations omitted).  When deciding a motion to dismiss under Rule

12(b)(6), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a plausible claim need not contain "detailed factual allegations,"

but it must contain more than "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action"). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678. "The plausibility of an inference depends on a host of considerations,

including common sense and the strength of competing explanations for the

defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727

F.3d 502, 503 (6th Cir. 2013).  A Rule 12(c) motion "is granted when no material

issue of fact exists and the party making the motion is entitled to judgment as a

matter of law." *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233,

1235 (6th Cir. 1991).

The Court also holds *pro se* complaints to "less stringent standards than

formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

At the same time, even in pleadings drafted by *pro se* parties, "'courts should not

have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F.

App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were

never presented . . . nor may courts construct the Plaintiff's legal arguments for

him.  Neither may the Court 'conjure up unpled allegations[.]'"  *Rogers v. Detroit*

*Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting

report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz*

*Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21,

2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and

10(b), a *pro se* plaintiff must comply with basic pleading requirements, including

Rule 12(b)(6).").

      2.     Count I – 42 U.S.C. § 1983

In Count I of the complaint, Plaintiff contends he was terminated because of

his Mexican national origin and race, not because of a racial slur, and in retaliation

for his complaint of a hostile work environment in violation of 42 U.S.C. §§ 1981

and 1983.  Defendants argue they are not subject to suit under § 1983 because they

are not state actors.  They did not address § 1981 in either motion.

The undersigned agrees the § 1983 claim should be dismissed because the

Defendants are not state actors.  Two elements are necessary to properly state a

cause of action pursuant to § 1983: "1) the deprivation of a right secured by the

Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir. 1995) (internal quotation marks and citation omitted).  A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).  "[T]here are circumstances under which private persons may, by their actions, become 'state actors' for § 1983 purposes." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).  A private party can fairly be said to be a state actor if (1) the deprivation complained of was "caused by the exercise of some right or privilege created by the State" and (2) the offending party "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982).

Plaintiff's case is against private parties, none of whom are alleged to have acted under color of state law.  Further, the defendants cannot be considered state actors.  None of the allegations fairly point to a deprivation of rights committed by the defendants in concert with or with aid from any state officials.  Thus, the § 1983 claim should be dismissed.

Plaintiff also raised a claim pursuant to § 1981 stated in Count I.  Section 1981 "prohibits intentional race discrimination in the making and enforcing of

contracts involving both public and private actors," including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006) (other citations omitted).  To prevail on a claim under § 1981, a plaintiff must plead and prove that "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Id.*

Again, Defendants did not address the § 1981 claim in either dispositive motion.  Defendants did, however, address Plaintiff's race discrimination in employment claim under Title VII and ELCRA.  "[C]laims of alleged discrimination brought under § 1981 and the [ELCRA] [are reviewed] under the same standards as claims of race discrimination brought under Title VII." *Jackson v. Quanex Corp.,* 191 F.3d 647, 658 (6th Cir. 1999).   In the interest of judicial economy, and because the analysis is the same for these claims, the undersigned will address the § 1981 claim along with the Title VII and ELCRA claims below.

    3.    Race and National Origin Discrimination and Retaliation –
            Title VII, ELCRA, & § 1981

Plaintiff pleaded his Title VII and ELCRA claims in separate counts.  As mentioned above, as the analyses under both statutes, and § 1981, are the same, the undersigned addresses them together here.

a.     Race and National Origin Discrimination

In Counts I, III, and IV, Plaintiff alleges he was terminated because of his national origin and race.  Defendants contend Plaintiff's case is an "indirect evidence" case that should be analyzed pursuant to the *McDonnell Douglas* burden shifting framework.  Under this approach, a plaintiff who cannot present direct evidence of discrimination can establish a prima facie case of discrimination where he can show: (1) that he was a member of a protected class; (2) that he was qualified for the position in question; (3) that he was subjected to an adverse job action; and (4) that he was replaced by a person outside the protected class, or treated less favorably than a similarly situated person outside the protected class. *Johnson v. University of Cincinnati,* 215 F.3d 561, 572 (6th Cir. 2000). Defendants assert Plaintiff provided only naked assertions that he was terminated because he is Mexican.

In addressing Defendants' motion for judgment on the pleadings, the Court must analyze whether Plaintiff has sufficiently stated a claim to relief pursuant to Fed. R. Civ. P. 8(a) and 12(b).  The *McDonell Douglas* framework relates to the plaintiff's burden of presenting evidence that supports an inference of

discrimination.  "The prima facie case under *McDonnell Douglas*, however, is an

evidentiary standard, not a pleading requirement. . . .  Consequently, the ordinary

rules for assessing the sufficiency of a complaint apply."  *Swierkiewicz v. Sorema*

*N. A.*, 534 U.S. 506, 510-11 (2002); *see also Weatherspoon v. Rock Construction*

*Co., Inc.*, 2019 WL 5212217, at \*3-4 (E.D. Mich. Oct. 16, 2019).  While Plaintiff

need not plead facts to support a prima facie case of discrimination to survive a

motion for judgment on the pleadings, he "must allege sufficient factual content

from which a court, informed by its judicial experience and common sense, could

draw the reasonable inference that [Defendants] discriminated against h[im] with

respect to h[is] compensation, terms, conditions, or privileges of employment,

*because of* h[is] [race or national origin]."  *Keys v. Humana,* 684 F.3d 605, 610

(6th Cir. 2012) (internal citations omitted) (emphasis in original).

Plaintiff's allegations are insufficient to entitled him to relief for race or

national origin discrimination.  Reading the complaint liberally, the only allegation

connecting Plaintiff's termination to his race and national origin is the bald

assertion he was fired because he is Mexican, not because of his racist remark.

This cannot allow the Court to draw a reasonable inference that Defendants

discriminated against Plaintiff.  Plaintiff did not allege any of the Defendants made

a direct remark to Plaintiff suggesting race or national origin were a motivating

factor in the decision to terminate him.  He also did not allege he was replaced by

or treated dissimilarly from a person not in his protected class.  Plaintiff admits to making a racist remark and that the defendants acted to suspend and terminate him because of the remark.  Plaintiff's bald assertion of race and national origin discrimination is not enough to support a claim of discrimination.  *See Pitts v. Goodman Acker, P.C.*, 2020 WL 2738245 (E.D. Mich. Feb. 29, 2020) (allegations insufficient to state a Title VII claim where plaintiff did not sufficiently connect her termination to her race).

> b.    Retaliation

Defendants did not bring motions for *partial* judgment on the pleadings or *partial* summary judgment; they seek judgment on the whole case.  Yet they failed to address Plaintiff's Title VII, ELCRA, and § 1981 retaliation claims.  The analysis of race discrimination does not provide a sufficient basis for dismissing a retaliation claim because the two claims have different elements.  The "materially adverse action" element of a Title VII retaliation claim is substantially different from the "adverse employment action" element of a Title VII race discrimination claim.  *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 59, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *Michael v. Caterpillar Fin. Servs. Corp.,* 496 F.3d 584, 595 (6th Cir.2007).  So the retaliation claims survive.

> 4.    Whistleblowers' Protection Act Claim ("WPA")

Plaintiff alleges a violation of Michigan's Whistleblowers' Protection Act in the following ways: (1) discriminating against him for an "intended 911 call" to report an assault against a coworker on December 23, 2019, (2) reporting work violations to defendant Hogwood (date not listed), (3) "reporting managerial actions of race and national origin discrimination" by a non-defendant manager on December 26, 2019, and (4) firing him "using a ruse" of a racial slur due to his reporting work violations.  (ECF No. 1, PageID.16-17).  Defendants argue Plaintiff's WPA claim is time-barred because he did not file this civil action within 90 days after the alleged violation.

A complaint alleging a violation of the WPA must be filed "within 90 days after the occurrence of the alleged violation of th[e] act."  M.C.L. § 15.363(1); *see Connelly v. Community Health Ctr. of Branch Cnty*, 2000 WL 33419414, at *1 (Mich. Ct. App. May 26, 2000) (citing *Nation v. WDE Elec. Co,* 454 Mich. 489, 494; 563 NW2d 233 (1997)).  The most recent alleged violation of the WPA is his termination, which occurred on June 11, 2020.  Plaintiff filed his complaint on October 31, 2020, more than 90 days after the latest occurrence of the alleged violation.

In his response brief, Plaintiff offers no dispute that he filed this case in excess of 90 days from his termination, nor did he offer any justification for the delay.  Because the claim is time-barred, it should be dismissed.  In light of this

conclusion, the undersigned will not address Defendants' argument, stated in a footnote, that Plaintiff failed to state a WPA claim, even if the claim were not time-barred.  (*See* ECF No. 56, PageID.484, n. 3).

     5.     Workers' Disability Compensation Act ("WDCA")

Plaintiff did not list a separate Count for a claim under the WDCA. Defendants interpret Plaintiff's complaint as containing such a count given his allegations related to workers' compensation benefits and his right shoulder injury. (ECF No. 56, PageID.477).  Again, Plaintiff claims he was injured on the job. Three days later, at this next shift, he told a manager about the injury.  The manager would not provide Plaintiff the requisite form to file a workers' compensation claim.

Pursuant to the WDCA, "worker's compensation is the exclusive remedy for all on-the-job injuries, except for injuries intentionally inflicted by the employer." *Gray v. Morley*, 596 N.W.2d 922, 924 (Mich. 1999); *see also* M.C.L. § 418.131(1). "An injured employee seeking workers' compensation benefits must utilize the WDCA's comprehensive administrative process and has no private right of action for such benefits[.]"  *Brown v. Cassens Transp. Co.*, 743 F. Supp. 2d 651, 661 (E.D. Mich. 2010), *rev'd*, 675 F.3d 946 (6th Cir. 2012) (The Sixth Circuit reversed to the degree that the exclusive remedy provision of the WDCA does not prevent a plaintiff from bringing a RICO claim for alleged violation of the WDCA.  The

Sixth Circuit's holding does not affect the law about a claim of a violation of the WDCA only.).  The Michigan Supreme Court recognizes that employees' claims against their employers for intentional torts are not barred by the exclusive remedy provision.  However, a claim that an injury was caused by failure to provide safe working conditions is essentially a claim that the employee was injured by the employer's negligence.  Such a claim is barred by the exclusive remedy provision. *Boyer v. Louisville Ladder Co., Inc.*, 403 N.W.2d 210, 211 (Mich. Ct. App. 1987).

Plaintiff's WDCA, if this claim exists, is barred by the Act's exclusive remedy provision.  Plaintiff claims he injured his shoulder removing goods from boxes stacked six-to-seven-feet high.  He does not allege a defendant or another employee stacked the boxes that high to intentionally cause Plaintiff or another employee to injure himself while getting supplies.  "Read as a whole, the pleading states no more than a cause of action for negligence barred by the exclusive remedy provision of the Workers' Disability Compensation Act."  *Boyer v. Louisville Ladder Co.*, 403 N.W.2d 210, 212 (Mich. Ct. App. 1987).  This claim should be dismissed.

B.    Summary Judgment

1.    Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a

reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted).  In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ."  *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### 2.    Discussion

The remaining claims are Plaintiff's § 1981, Title VII, and ELCRA retaliation claims.  Because Defendants did not address the retaliation claims, those claims should remain.  In light of the recommendation above to grant the motion for judgment on the pleadings related to the other claims, the undersigned declines to address the motion for summary judgment on the same.

### C.    Plaintiff's Motion for Preliminary Injunction (ECF No. 68)

From what can be decerned from Plaintiff's brief, he seeks a preliminary injunction against Defendant Hogwood's "predatory and insurance scams denial practices" toward "Michigan Hispanic employees."  (ECF No. 68, PageID.628). Although Plaintiff listed the factors he must prove to be entitled to injunctive relief, it does not appear Plaintiff actually addressed them.  (*Id.* at PageID.625-28).

In determining whether to grant or deny a temporary restraining order or a preliminary injunction, the Court must consider four factors: "(1) whether the

movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).  Plaintiff bears the burden of demonstrating entitlement to injunctive relief.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

The motion should be denied for two reasons.  First, for Plaintiff's failure to address, not merely cite, the requisite factors, especially the likelihood of success on the merits.  *See Gonzales v. National Bd. Of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000) ("[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.").  Second, an injunction against Hogwood's alleged insurance scams bears no relation to the allegations in the complaint against Hogwood.  As explained by the Sixth Circuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint."  *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994)).  "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he]

was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).  As Moralez failed to draw the connection between the complaint and request for injunctive relief, his request must be denied.

    D.   <u>Conclusion</u>

The undersigned recommends the Motion for Judgment on the Pleadings (ECF No. 56) be granted in part.  Plaintiff's § 1981, ELCRA, and Title VII retaliation claims should not be dismissed.  As for the Motion for Summary Judgment (ECF No, 59), the undersigned recommends the motion be denied with respect to the retaliation claim, and terminated as moot with respect to the remaining claims.  The motion for injunctive relief should be denied.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings (ECF No. 56) be **GRANTED IN PART, DENIED IN PART**, and the Motion for Summary Judgment (ECF No. 59) be **DENIED IN PART** with regard to the retaliation claims, **TERMINATED AS MOOT** with respect to the remaining claims.

The undersigned further **RECOMMENDS** Plaintiff's Motion for Preliminary Injunction (ECF No. 68) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 22, 2021                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 22, 2021.


                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850