UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABELARDO MORALEZ,

        Plaintiff,                                     Case Number 20-13023

v.                                                Honorable David M. Lawson

MCDONALDS–STEJOCA
INCORPORATED, STEVEN HOGWOOD,
THERESA MCWALTERS, and
DENNIS SOLODON,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S AND DEFENDANTS' OBJECTIONS, GRANTING IN
PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS,
DISMISSING DEFENDANTS' MOTION SUMMARY JUDGMENT, DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND CONTINUING
REFERRAL TO MAGISTRATE JUDGE**

Plaintiff Abelarto Moralez filed a complaint *pro se* alleging that the defendants suspended and terminated him from his job at a McDonald's restaurant because he is Mexican and because he complained about certain unlawful conduct. The case was referred to Magistrate Judge Curtis Ivy, Jr., to conduct all pretrial proceedings. The defendants moved for judgment on the pleadings, and then, without receiving a decision on that motion, moved for summary judgment. The plaintiff filed a motion for a preliminary injunction. Judge Ivy issued a report recommending that the Court deny the motion for a preliminary injunction, grant the motion for judgment on the pleadings except as to the plaintiff's racial retaliation claims, and deny the summary judgment motion. The defendants and the plaintiff filed timely objections to the report and recommendation, and the motions are before the Court for fresh review.

I.

A.

As the magistrate judge explained, plaintiff Abelardo Moralez alleges that he was wrongfully terminated from his job as a line cook at a McDonald's restaurant owned and operated by defendants McDonald's–Stejoca Incorporated and Steven Hogwood. Moralez began working at the McDonald's on September 5, 2019. Compl., ¶ 9, ECF No. 1, PageID.4. He alleges that, although he was competent at his job, he was terminated due to his Mexican national origin and race and in retaliation for complaining about a hostile work environment. His complaint also recites numerous grievances unrelated to these claims.

Moralez alleges that defendant Theresa McWalters, a manager at the restaurant, and defendant Dennis Solodon, a McDonald's executive, discriminated against the plaintiff and other employees based on their race. He asserts that McWalters once told him to "get [his] lazy Mexican ass over here and stock fries/nuggets/fish" while she smoked and ate breakfast. *Id.* at ¶ 14, PageID.4. He alleges that other employees at the restaurant also disliked him due to his race, *id.* at ¶ 16-18, PageID.5, and that Solodon exploited him by ordering him to operate four high-production sandwich makers when he should only have operated one, *id.* at ¶ 25, PageID.8.

Moralez says that he was terminated following an altercation that occurred while he was clocking into his shift on June 7, 2020. When a coworker cut in front of him to punch in, Moralez said to his colleagues that "whites are first." *Id.* at ¶ 37, PageID.12. He alleges that he made this remark "passively" and "off the cuff," that no one was offended by the joke, *ibid.*, and the statement was speech protected by the First Amendment that occurred off-the-clock, *id.* at ¶ 41, PageID.14. McWalters suspended the plaintiff for making a racial remark and ordered him to clock out. *Id.* at ¶ 37, PageID.12. She told the plaintiff that other employees had complained

about his making racial statements, *ibid.*, and that he had also disobeyed her orders to stop following a female employee around the restaurant, *id.* at ¶¶ 31, 38, PageID.10, 13. Moralez alleges that another employee "listened to McWalters and said 'if Mexican Abe does not leave the building call police . . . get his brownass out of here!'" *Id.* at ¶ 37, PageID.12. The plaintiff's general manager, Carrie Paugh, terminated him on June 11, 2020. *Id.* at ¶ 40, PageID.13. Moralez says that he was not allowed to see the suspension form or termination paperwork. *Ibid.* He asserts that he was fired because he is Mexican. *Id.* at ¶ 41, PageID.14.

Moralez also alleges that he experienced additional mistreatment while working at the McDonald's. He states that he tore his right rotator cuff while trying to lift a box of sausage down from the top of the freezer on November 28, 2019. *Id.* at ¶ 26, PageID.8. He told Paugh about the injury when he next reported to work three days later. *Ibid.* However, he alleges that Paugh called him a liar and denied him a workers' compensation form because he did not report the injury within 24 hours. *Ibid*. The plaintiff appears to have filed a workers compensation claim nevertheless, which was denied. Claims Denial, ECF No. 1, PageID.26. He argues that his suspension and termination were in part due to his complaints regarding "work-injury discrimination." Compl., ¶ 55, ECF No. 1, PageID.16.

Moralez also asserts that he suffered sexual harassment. After some employee theft had occurred on April 1, 2020, McWalters allegedly ordered another male employee to search the plaintiff. *Id.* ¶ 33, PageID.11. The employee groped the plaintiff's buttocks and touched his genitals. *Ibid.* Moralez says that another manager told Paugh about the harassment, but she did not act to stop it. *Id.* at ¶ 34. He also says that he told Paugh that the next time he experienced "unwanted touching," he would "take [his] McDonald's hat off and let [his] long hair down." *Ibid.*

Moralez alleges that the defendants retaliated against him by firing him for complaining about sexual harassment. *Id.* at ¶ 52, PageID.16.

Finally, Moralez alleges that on December 23, 2019, one of his female coworkers slapped his face, scratching his left eye. *Id.* at ¶ 28, PageID.9.

The plaintiff apparently filed complaints with the Michigan Department of Civil Rights and the U.S. Equal Employment Opportunity Commission (EEOC), alleging violations of his rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). On August 6, 2020, EEOC terminated its processing of the Title VII charge and informed the plaintiff that he had 90 days to file an ADEA lawsuit in federal or state court. EEOC Notice, ECF No. 1, PageID.23. The plaintiff withdrew his Michigan Department of Civil Rights complaint, indicating that he would instead pursue his claims in court. MDCR Notice, ECF No. 1, PageID.24.

B.

Moralez filed his *pro se* complaint on October 31, 2020. The complaint contains four counts: (1) discrimination and retaliation based on race, ethnicity, or color, in violation of 42 U.S.C. §§ 1981 and 1983; (2) national origin discrimination in violation of Michigan's Elliott-Larson Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.*; (3) violation of Michigan's Whistleblowers' Protection Act, Mich. Comp. Laws § 15.362; and (4) race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act, Pub. L. 88-352, 42 U.S.C. § 2000e, *et seq.* The defendants and magistrate judge construed the complaint liberally to also contain a separate Workers' Disability Compensation Act claim.

The four defendants filed a joint motion for judgment on the pleadings on August 20, 2021. They also filed a motion for summary judgment three weeks later. They have not explained why

they filed two dispositive motions and have not asked for either motion to be withdrawn or dismissed. The plaintiff filed two copies of the same brief in response to each motion. He also moved for a preliminary injunction, seeking to enjoin defendant Hogwood's "predatory and insurance scams denial practices" toward "Michigan Hispanic employees." ECF No. 68, PageID.628. The defendants did not respond to this motion.

C.

Judge Ivy considered the defendants' motion for judgment on the pleadings first because it was filed first. He recommended that the Court grant that motion on all the plaintiff's claims except his racial retaliation claims because the defendants did not specifically address those claims in their motions. He concluded that the plaintiff's allegations are insufficient to entitle him to relief on any of the other claims. Judge Ivy also recommended that the defendants' motion for summary judgment be denied in part as to the retaliation claims and terminated as moot with respect to all other claims.

Judge Ivy recommended that the plaintiff's motion for a preliminary injunction be denied because, although the plaintiff listed the requisite factors, he did not discuss them in the context of the case, and the injunction he seeks is unrelated to the allegations he made in the complaint.

II.

Both sides filed objections to the recommendation and report. When that occurs, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by

the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A.

As noted, Judge Ivy recommended that the plaintiff's retaliation claims should survive because the defendants never addressed them in either of their motions. He stated, correctly, that the elements of a retaliation claim differ from the elements of a discrimination claim, and the defendants failed to discuss them. Courts have examined such claims under a "less onerous" standard. *Laster v. City of Kalamazoo*, 746 F.3d 714, 731 (6th Cir. 2014).

In their objections, the defendants do not address directly the basis of the magistrate judge's recommendation for these claims. Instead, they argue for the first time that the plaintiff failed to allege specific facts relevant to retaliation, pleading only facts that would potentially be relevant to a discrimination claim. They contend that the plaintiff failed to state what protected activity he was engaged in, whether such activity was known to the defendants, and how his termination was causally connected to such activity. They also argue that the documents they submitted in support

of their motion for summary judgment demonstrate that the plaintiff was terminated due to his own inappropriate conduct in the days leading up to the timeclock incident, and not because he complained of sexual harassment or workplace injuries.

The defendants suggest that the Court should reach this conclusion on its own, as the Court did in *Brown v. Woods*, No. 2:14-CV-136, 2015 WL 8675971, at *1 (W.D. Mich. Dec. 11, 2015). However, *Brown* involved a prison inmate's complaint that was reviewed under the Prison Litigation Reform Act, under which the Court has an obligation to screen the case for merit. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). Moralez's complaint does not fall within that ambit, and the Court must leave the parties to raise their issues on their own.

The present case comes to the Court on the defendants' objections to a magistrate judge's report and recommendation. According to the Sixth Circuit, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (holding that "issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"). The magistrate judge concluded that the defendants' failure to address the retaliation claims in their dispositive motions allowed those claims to survive. The defendants' objections do not challenge that ruling. They will be overruled.

B.

The plaintiff filed two documents containing his objections. The Court struck one because it contained unredacted personal identifiable information. Per the Court's instruction, the plaintiff

refiled the relevant objection (ECF No. 83), together with a motion seeking permission to refile it (ECF No. 82). The motion also contains objections.

Moralez objects to the recommended dismissal of his workers' compensation claim, suggesting that his complaint established an insurance fraud conspiracy, and that McDonald's–Stejoca's employment insurance company should have paid out his claim for his shoulder injury. He makes a variety of allegations about his injuries, efforts to receive treatment, and efforts to receive compensation for said treatment. He also objects to the dismissal of his discrimination and whistleblower claims, arguing that he was discriminated against when he was slapped, and that he timely-filed a Whistleblowers' Protection Act (WPA) complaint with the Michigan Department of Civil Rights within 30 days of that incident. He further contends that his WPA claim was timely because he contacted the Equal Employment Opportunity Commission soon after his employment was terminated, and he received a letter to sue that exempted him from having to file his WPA claim within 90 days.

The plaintiff states that he never received the defendants' requests for admissions and argues that the Court thus should not deem the requests admitted.

The defendants' first challenge came in their motion for judgment on the pleadings. That motion, based on Federal Rule of Civil Procedure 12(c), calls on the same standards that govern motions to dismiss filed under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(c); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The standards are well known to the parties: the purpose of the motion is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if the court accepts all the facts in the complaint. *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). The complaint is viewed in the

light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive the motion, the plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1.

The plaintiff attempted to allege claims under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

The plaintiff has not presented sufficient facts to plausibly support a section 1983 action. The defendants are all private actors. Although "there are circumstances under which private persons may, by their actions, become 'state actors' for § 1983 purposes," they are not present in this case. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). The plaintiff has alleged neither that the defendants deprived him of his rights "by the exercise of some right or privilege created by the State," nor that they "acted together with or ha[d] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The complaint merely alleges that employees of a McDonald's

franchise engaged in discriminatory conduct. There is nothing in the complaint to ascribe any of this conduct to the state. The plaintiff's objection to the dismissal of this claim will be overruled.

2.

The plaintiff similarly has not presented sufficient facts to plausibly support his section 1981, Title VII, and ELCRA discrimination claims. Federal courts "review claims of alleged race discrimination [and retaliation] brought under § 1981 and the Elliott-Larsen Act under the same standards as claims of race discrimination brought under Title VII." *Rogers v. Henry Ford Health System*, 897 F.3d 763, 771 (6th Cir. 2018) (quoting *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999); citing *Kuhn v. Washtenaw County*, 709 F.3d 612, 627 (6th Cir. 2013); *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 464 (6th Cir. 2001)). In the ordinary case, to plead a claim of race discrimination under Title VII, a plaintiff must state facts that show that the defendant took adverse action against him and that race was a motivating factor. *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 649 (6th Cir. 2012). Similarly, 42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcing of private contracts. *See* 42 U.S.C. § 1981. "The elements of [a] prima facie case as well as the allocations of the burden of proof are the same for employment claims stemming from Title VII and § 1981." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 n. 5 (6th Cir. 2000) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).

Relevant to the summary judgment motion, because the plaintiff has not presented direct evidence of intentional discrimination, he must establish an inferential case of discrimination under the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802-05 (1973). *See Blair v. Henry Filters, Inc.*, 505 F.3d 517, 523 (6th Cir. 2007) (defining direct evidence as "evidence that proves the existence of a fact without requiring any inferences") (citing *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004)). That framework

"requires the plaintiff to present a *prima facie* case, whereupon the defendant must offer a legitimate reason for its actions." *Curry v. SBC Commc'ns, Inc.*, 669 F. Supp. 2d 805, 825 (E.D. Mich. 2009) (Lawson, J.). "If the defendant does so, the plaintiff cannot proceed unless she offers some evidence that the defendant's proffered justification is a pretext for unlawful discrimination." *Ibid.* (citing *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 342 (6th Cir. 1997)). A plaintiff may establish a *prima facie* case of discrimination by showing that he (1) is a member of a protected group, (2) was subject to "an adverse employment decision," (3) was qualified for the position, and (4) was treated differently than similarly-situated non-protected employees. *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008).

The plaintiff does not have to make that kind of presentation in response to a motion under Rule 12(c). "The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). Here, however, the plaintiff has not even alleged sufficient factual content for the Court to "draw the reasonable inference" that the defendants "discriminated against [him] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). The plaintiff pleads no facts that establish that he was terminated based on his national origin, except for his bald assertion that the defendants were so motivated. The only statement he recites that connects his termination to his national origin was made *to* defendant McWalters by an individual who is not a party to this lawsuit. Compl., ¶ 37, ECF No. 1, PageID.12. The plaintiff even suggests that the reason he was fired was because he himself made an inappropriate comment and refused to stop following a female employee around the restaurant. *Id.* at ¶¶ 31, 37-38, PageID.10-13. Neither reason has anything to do with the plaintiff's national origin. His complaint therefore does

not allege sufficient facts to plausibly support his employment discrimination claims. His objection to the dismissal of those claims will be overruled.

3.

A complaint alleging a violation of the WPA must be filed "within 90 days after the occurrence of the alleged violation of th[e] act." M.C.L. § 15.363(1); *see also Millar v. Constr. Code Auth.*, 501 Mich. 233, 240, 912 N.W.2d 521, 525 (2018) (finding that the 90-day limitations period begins to run at the date of discharge or other adverse employment action).

The defendants are entitled to judgment on the plaintiff's WPA claim because the claim is untimely. The most recent alleged violation of the WPA is the plaintiff's termination, which occurred on June 11, 2020. Compl., ¶ 40, ECF No. 1, PageID.13. The plaintiff filed his complaint on October 31, 2020, more than 90 days after the latest occurrence of the alleged violation. *See* M.C.L. § 15.363(1). The plaintiff does not dispute this, and he does not offer a valid justification for his delay. The notice he received from the EEOC did not waive the WPA's state law statutory limitations period. Instead, it informed the plaintiff of his right to file certain federal claims, including claims he never filed. EEOC Notice, ECF No. 1, PageID.23. The notice the plaintiff received from the Michigan Department of Civil Rights similarly has nothing to do with his WPA claim. It merely notes that the plaintiff filed and withdrew a complaint alleging employment discrimination. MDCR Notice, ECF No. 1, PageID.24. Neither notice saves the plaintiff's WPA claim from being dismissed as time barred. His objection to the dismissal of that claim will be overruled.

4.

The plaintiff did not plead a standalone claim under the Workers' Disability Compensation Act (WDCA). Both the defendants and the magistrate liberally construed the complaint to contain

such a count nevertheless. That does not help the plaintiff, because, as the defendants and magistrate correctly observe, workers' compensation is the "exclusive remedy" for the plaintiff's on-the-job injury claim. Mich. Comp. Laws § 418.131(1). The only exception is for intentional torts. *Ibid.* And the plaintiff makes no allegations that the defendants deliberately caused him to be injured in his efforts to remove the box of sausage from the freezer. *See Boyer v. Louisville Ladder Co.*, 157 Mich. App. 716, 718, 403 N.W.2d 210, 211 (1987) (finding that an intentional tort must be intended "with the purposes of accomplishing the result or with knowledge that to a substantial certainty such a result will ensue."). At most, the complaint alleges that the plaintiff's injury was caused by his employer's failure to provide safe working conditions, as evidenced by the lack of a step ladder. *See* Compl., ¶ 26, ECF No. 1, PageID.8. But that is "essentially a claim that the [plaintiff] was injured by the employer's negligence," which must be brought through the administrative process established by the WDCA. *Boyer*, 157 Mich. App. at 718, 403 N.W.2d at 211 (citing *Beauchamp v. Dow Chemical Co.*, 427 Mich. 1, 25, 398 N.W.2d 882, 893 (1986)).

The plaintiff has neither pleaded a WDCA claim, nor pleaded sufficient facts plausibly to state one if he had.

5.

The plaintiff has not focused his objections on the recommended denial of his preliminary injunction motion. That motion lacks merit in any event. The plaintiff has not met his burden on any of the four preliminary injunction factors. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Even if the plaintiff's motion is liberally construed, it makes no arguments whatsoever that the plaintiff has a strong likelihood of success on the merits, that issuance of a preliminary injunction will not cause substantial harm to others, or that the public interest would be served by issuance of a preliminary injunction. The plaintiff has the burden of proof, and he has not even

attempted to carry it. *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998).

Moreover, the content of the motion is unrelated to the claims the plaintiff made in his complaint. The motion appears to relate entirely to a conspiracy regarding the non-payment of workers' compensation benefits, regarding which the plaintiff pleaded no claims. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). The plaintiff thus "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint." *Ibid.*

The plaintiff's motion for a preliminary injunction will be denied.

### III.

The magistrate judge correctly applied the governing law to the accurately determined facts of the case as presented in the pleadings. The objections from all parties lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 76) is **ADOPTED**.

It is further **ORDERED** that the parties' objections (ECF No. 78, 79, 82, 83) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for a preliminary injunction (ECF No. 68) is **DENIED**.

It is further **ORDERED** that the defendant's motion for judgment on the pleadings (ECF No. 56) is **GRANTED IN PART AND DENIED IN PART**. All the claims in the complaint

except the claims for retaliation are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 59) is **DISMISSED as moot**.

It is further **ORDERED** that the case is returned to the magistrate judge under the original order of reference (ECF No. 4).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   February 23, 2022