UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABELARDO MORALEZ,<br>    Plaintiff,<br>v.<br><br>MCDONALDS – STEJOCA INCORPORATED, STEVEN HOGWOOD, THERESA MCWALTERS, and DENNIS SOLODON,<br>    Defendants.<br>_____/ | Case No. 20-13023<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT (ECF No. 114)**

**I.   PROCEDURAL HISTORY**

Plaintiff Abelardo Moralez initiated this lawsuit without the assistance of counsel on October 31, 2020.  (ECF No. 1).  Now before the Court are Defendants McDonalds – Stejoca Incorporated ("MSI"), Steven Hogwood, Theresa McWalters, and Dennis Solodon's second motion for judgment on the pleadings, summary judgment, or dismissal under Fed. R. Civ. P. 41(b).  (ECF No. 114).  Plaintiff filed a response.  (ECF No. 119).

This motion was referred to the undersigned.  (ECF No. 115).  It is now ready for report and recommendation.

For the reasons discussed below, the undersigned recommends the motion be **GRANTED**.

II. **BACKGROUND**

A. <u>Complaint Allegations</u>

Plaintiff's claims center on his termination from a McDonalds franchise owned by MSI.  The complaint contains four counts: (1) Count I – Violation of 42 U.S.C. § 1983 Race, Ethnicity, and Color Discrimination and Retaliation; (2) Count II – Violation of Elliott-Larsen Civil Rights Act Race and National Origin Discrimination; (3) Count III – Violation of Whistleblower's Protection Act; and (4) Count IV – Violation of Title VII Race and National Origin Discrimination Retaliation.  (ECF No. 1, PageID.14-18).  All but the 42 U.S.C. § 1981, Title VII, and Michigan's Elliott-Larsen Civil Rights Act "ELCRA" race and national origin retaliation claims have been dismissed.  (ECF Nos. 76, 85).

The facts alleged in Plaintiff's complaint were thoroughly recounted in the Report and Recommendation and Order adopting the recommendation, and will not be repeated here.  Allegations pertinent to the retaliation claim are addressed below.

B. <u>Defendants' Motion</u>

On August 20, 2021, the Defendants filed a joint motion for judgment on the pleadings and a motion for summary judgment.  (ECF Nos. 56, 59).  The motions

2

were granted in part; Plaintiff's retaliation claims were allowed to proceed because of the Defendants' failure to address the claims in either motion. Defendants were granted leave to file another dispositive motion to address retaliation. They now raise three alternative bases to dismiss the complaint—failure to state a claim under Fed. R. Civ. P. 12(c), for summary judgment under Fed. R. Civ. P. 56, and for failure to prosecute and engage in discovery under Fed. R. Civ. P. 41(b).

## III. ANALYSIS AND RECOMMENDATIONS

### A. Judgment on the Pleadings

#### 1. Standard of Review

As the parties are aware, the standard of review for a motion for judgment on the pleadings under Rule 12(c) is substantially the same as that for a motion to dismiss under Rule 12(b). *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) ("A rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss.") (citations omitted). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

(internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

The Court also holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). At the same time, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal

4

arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

      2.     Discussion

The elements for retaliation under § 1981, Title VII, and the ELCRA are the same. *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 627 (6th Cir. 2013) ("The ELCRA analysis for retaliation claims is identical to the Title VII analysis."); *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) ("The elements of a retaliation claim under § 1981 are the same as those under Title VII."). To establish a prima facie case of retaliation, a plaintiff must establish that: (1) "he engaged in an activity protected by [§ 1981, Title VII, and the ELCRA]"; (2) "his exercise of such protected activity was known by the defendant"; (3) "thereafter, the defendant took an action that was 'materially adverse' to the plaintiff"; and (4) "a causal connection existed between the protected activity and the materially adverse action." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014).

5

Retaliation claims under both Title VII and § 1981 [and ELCRA] require but-for causation. *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 489 (6th Cir. 2020)).

The framework for analyzing retaliation claims depends on whether there is direct or indirect evidence of retaliation. *Perkins v. Detroit Salt Co.*, No. 20-11211, 2021 WL 5989022, at *9 (E.D. Mich. Dec. 17, 2021). Plaintiff has not presented any direct evidence of retaliation. When there is only circumstantial evidence of retaliation, courts use the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) to analyze retaliation claims. *Id.*

Under the *McDonnell Douglas* framework, Plaintiff has the initial burden of demonstrating a prima facie case of retaliation. *See Jackson v. Genesee County Rd. Comm'n*, 999 F.3d 333, 344 (6th Cir. 2021) (a "plaintiff may prove retaliation either through direct evidence or circumstantial evidence"). If he succeeds, Defendants have the burden of producing evidence that they terminated Plaintiff for a non-retaliatory reason. *Id.* If they succeed, then Plaintiff can try to show that their reason is merely pretext for retaliation. *Perkins*, 2021 WL 5989022, at *9.

Plaintiff establishes that he is of Mexican descent. As for his Mexican heritage, he alleges defendant McWalters told him, "get your lazy Mexican ass over here," (ECF No. 1, PageID.5), and mentions throughout his complaint that he is Mexican or that his coworkers treated him differently because he is Mexican.

Plaintiff makes several cursory allegations about being retaliated against for complaints: he alleges Defendants "retaliated against [him] because of his complaints of discrimination." (*Id.* at PageID.14); was suspended for stating "whites are first" while clocking in in retaliation for complaining of a hostile work environment, he was terminated for complaining of "assault discrimination," (*id.* at PageID.15), and he was retaliated against for complaining of sexual harassment. In Count IV of the complaint, Plaintiff asserts that he was suspended and terminated due to his complaints of discrimination and for his national origin and race. (*Id.* at PageID.17).

Though Plaintiff alleges he was suspended and terminated (adverse employment actions, *see White v. Burlington N. & Santa Fe R. Co.*, 364 F.3d 789, 803 (6th Cir. 2004) because of his complaints of harassment or discrimination (protected conduct, *see E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1067-68 (6th Cir. 2015)), the allegations are factually undeveloped. Plaintiff did not allege to whom he complained. To be actionable adverse action, the complaint must have been known to a defendant. And he did not allege facts establishing that his race or national origin were the "but for" cause of the suspension and termination, or simply how the termination was connected to his race or national origin. The Court is left to assume facts not alleged, which it cannot do.

B.  Summary Judgment

Even if Plaintiff had sufficiently pleaded a prima facie case of retaliation to defeat the Rule 12(c) motion, Defendants are entitled to summary judgment on the claims as demonstrated below. The standards governing retaliation claims are stated above and will not be repeated here.

1.  Governing Standards

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth

8

specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

  2. Discussion

  Defendants brought forth facts establishing that Plaintiff was suspended and then fired from his job for using racial slurs and for following a female coworker around the store.[1] The (properly) undisputed facts are as follows. Plaintiff was

---

[1] A portion of the evidence they cite in support of the motion is their requests for admission to which Plaintiff acknowledged receipt but did not respond. They contend that the requests are deemed automatic under the Federal Rules of Civil Procedure. It is true that "a

9

sent home from work on June 7, 2020, after reports from multiple employees that he stated "white people first" while punching in for the shift and a report from a female coworker that he followed her around the store after being told to stop. (ECF No. 114-2, PageID.991, ¶ 2, Carrie Paugh Affidavit). On June 8, 2020, Plaintiff was informed that he was suspended pending an investigation into those incidents. Defendant McDonald's Stejoca Inc.'s policies include that degrading or abusive language is not to be spoken within the perimeter of the store. Plaintiff was informed of these policies and signed documents reflecting his acknowledgment when he began his employment. (ECF No. 114-5). After the investigation, manager Carrie Paugh determined that Plaintiff used a racial slur in the workplace and followed a female employee around the store. On June 10, 2020, Ms. Paugh issued a disciplinary action terminating Plaintiff's employment. (ECF No. 114-2, PageID.991-92; ECF No. 114-7).

---

party's failure to respond within thirty days means that the request for admissions are deemed admitted by default." *Bell v. Konteh*, 253 F.R.D. 413, 415 (N.D. Ohio 2008) (citing Fed. R. Civ. P. 36(a)(3)). However, "admissions from a pro se litigant that are deemed admitted by default 'cannot be the sole basis for granting summary judgment if Plaintiff was not warned in the requests for admissions of the consequence of failing to respond timely.'" *Compton v. Laing*, 2022 WL 2252597, at *2 (W.D. Ky. June 21, 2022) (quoting *Jones-Bey v. Conrad*, 2020 WL 2736436, at *4 (W.D. Ky. May 26, 2020)). Plaintiff asserts he did not receive Defendants' "motion for admissions." (ECF No. 119, PageID.1082). Even disregarding the requests for admission, Defendants preferred other admissible evidence that establishes why Plaintiff was suspended and fired.

Plaintiff's response brief appears devoted to asserting a worker's compensation claim, which is not part of this case. He did not submit admissible evidence in rebuttal to Defendants' evidence and arguments. (ECF No. 119).

Even if Plaintiff had established a prima facie case of retaliation, which he has not because he brought forth no evidence on the matter and for reasons explained in the section regarding Fed. R. Civ. P. 12(c), the burden would then shift to Defendants to provide a non-retaliatory reason for the employment action. Their reason is Plaintiff's use of a racial slur against store policy and following a female coworker around the store after being asked to stop.

The Court accepts the evidence Defendants provided to support why Plaintiff was terminated. Having established a non-retaliatory motive, Plaintiff then can demonstrate that the proffered reasons for the termination (1) have no basis in fact; (2) did not actually motivate the adverse action; or (3) were insufficient to motivate the adverse action. *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003) (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)). Plaintiff did not make such a showing or establish a question of material fact on any element of the claim. (*See* ECF No. 119). For this reason, Defendants' motion should be granted.

11

Given the recommendation to grant Defendants' motion under Rules 12(c) and 56, the undersigned will not address their argument for dismissal under Rule 41(b).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings and for Summary Judgment (ECF No. 114) be **GRANTED** and that they be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 8, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 8, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850