UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABELARDO MORALEZ,

                           Plaintiff,                         Case Number 20-13023

v.                                             Honorable David M. Lawson
                                             Magistrate Judge Curtis Ivy, Jr.

MCDONALDS–STEJOCA
INCORPORATED, STEVEN HOGWOOD,
THERESA MCWALTERS, and
DENNIS SOLODON,

                           Defendants.

_____/

## ORDER ADOPTING SECOND REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' SECOND MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT, AND DISMISSING CASE

Plaintiff Abelardo Moralez filed a complaint, acting without an attorney, alleging that the defendants suspended and terminated him from his job at a McDonald's restaurant because he is Mexican and because he complained about certain unlawful conduct. The case was referred to Magistrate Judge Curtis Ivy, Jr., to conduct all pretrial proceedings. On February 23, 2022, the Court issued an order adopting Judge Ivy's report and recommendation and dismissing all of the plaintiff's claims except for his retaliation claims. With leave of Court, the defendants filed a second summary judgment motion, which, again, was referred to Judge Ivy. Judge Ivy issued a report on February 8, 2023 recommending that the Court grant the defendants' motion and dismiss the plaintiff's remaining claims. The plaintiff filed timely objections to the report and recommendation, and the motion is before the Court for fresh review.

I.

The facts of the case are recited in the Court's prior opinion adopting the first report and recommendation, *see Moralez v. McDonalds-Stejoca Inc.*, No. 20-13023, 2022 WL 543002, at *1

(E.D. Mich. Feb. 23, 2022), but they are recounted here to provide context to the defendants' present motion to dismiss or for summary judgment.

A.

Plaintiff Abelardo Moralez alleges that he was wrongfully terminated from his job as a line cook at a McDonald's restaurant owned and operated by defendants McDonald's–Stejoca Incorporated (MSI) and Steven Hogwood. Moralez began working at the McDonald's on September 5, 2019. He alleges that, although he was competent at his job, he was terminated due to his Mexican national origin and race and in retaliation for complaining about a hostile work environment. His complaint also recites numerous grievances unrelated to these claims.

Moralez alleges that defendant Theresa McWalters, a manager at the restaurant, and defendant Dennis Solodon, a McDonald's executive, discriminated against him and other employees based on their race. He asserts that McWalters once told him to "get [his] lazy Mexican ass over here and stock fries/nuggets/fish" while she smoked and ate breakfast. Compl. ¶ 14, ECT No. 1, PageID.4. He alleges that other employees at the restaurant also disliked him due to his race, *id.* at ¶ 16-18, PageID.5, and that Solodon exploited him by ordering him to operate four high-production sandwich makers when he should only have operated one, *id.* at ¶ 25, PageID.8.

Moralez says that he was terminated following an altercation that occurred while he was clocking into his shift on June 7, 2020. When a coworker cut in front of him to punch in, Moralez said to his colleagues that "whites are first." *Id.* at ¶ 37, PageID.12. He alleges that he made this remark "passively" and "off the cuff," that no one was offended by the joke, *ibid.*, and the statement was speech protected by the First Amendment and occurred off-the-clock, *id.* at ¶ 41, PageID.14. McWalters suspended the plaintiff for making a racial remark and ordered him to clock out. *Id.* at ¶ 37, PageID.12. She told the plaintiff that other employees had complained

- 2 -

about his making racial statements, *ibid.*, and that he had also disobeyed her orders to stop following a female employee around the restaurant, *id.* at ¶¶ 31, 38, PageID.10, 13.  Moralez alleges that another employee "listened to McWalters and said 'if Mexican Abe does not leave the building call police . . . get his brown ass out of here!'"  *Id.* at ¶ 37, PageID.12.  The plaintiff's general manager, Carrie Paugh, terminated him on June 11, 2020.  *Id.* at ¶ 40, PageID.13.  Moralez says that he was not allowed to see the suspension form or termination paperwork.  *Ibid.*  He asserts that he was fired because he is Mexican and because he complained about the hostile work environment.  *Id.* at ¶¶ 41, 47, PageID.14-15.

Moralez also alleges that he experienced additional mistreatment while working at the McDonald's.  He states that he tore his right rotator cuff while trying to lift a box of sausage down from the top of the freezer on November 28, 2019.  *Id.* at ¶ 26, PageID.8.  He told Paugh about the injury when he next reported to work three days later.  *Ibid.*  However, he alleges that Paugh called him a liar and denied him a workers' compensation form because he did not report the injury within 24 hours.  *Ibid.*  The plaintiff appears to have filed a workers compensation claim nevertheless, which was denied.  He argues that his suspension and termination were in part due to his complaints regarding "work-injury discrimination."  Compl., ¶ 55, ECF No. 1, PageID.16.

Paugh states in a declaration that Moralez was sent home on June 7, 2020 because other employees had lodged complaints about his behavior.  Paugh decl., ¶ 2, ECF No. 114-2, PageID.991.  She says that multiple employees reported Moralez for saying "white people first" while they punched in for their shifts; another employee reported Moralez for following a female colleague around the store despite being told not to; and several other employees complained that Moralez was making racial and homophobic slurs toward his coworkers.  *Ibid.*; *see also* Employee Compls., ECF No. 114-3, PageID.995-1001.  The reported actions violated MSI's employee

policies, which prohibit the use of "foul, rude, unbecoming, degrading, or abusing language" and warn that the use of said language may result in discipline including termination. Paugh decl., ¶ 5, ECF No. 114-2, PageID.991-92. Moralez received and acknowledged MSI's employee policies before he began working at the restaurant. Signed Policy, ECF No. 114-5, PageID.1005-10. Paugh says that after investigating the employee complaints, she issued the disciplinary action terminating Moralez's employment. Paugh decl., ¶ 7, ECF No. 114-2, PageID.991-92

Moralez apparently filed complaints with the Michigan Department of Civil Rights and the U.S. Equal Employment Opportunity Commission (EEOC), alleging violations of his rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). On August 6, 2020, EEOC terminated its processing of the Title VII charge and informed the plaintiff that he had 90 days to file an ADEA lawsuit in federal or state court. The plaintiff withdrew his Michigan Department of Civil Rights complaint, indicating that he would instead pursue his claims in court.

B.

The plaintiff filed his complaint *pro se* on October 31, 2020. The complaint contained four counts: (1) discrimination and retaliation based on race, ethnicity, or color, in violation of 42 U.S.C. §§ 1981 and 1983; (2) national origin discrimination and retaliation in violation of Michigan's Elliott-Larson Civil Rights Act; (3) violation of Michigan's Whistleblowers' Protection Act; and (4) race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act, Pub. L. 88-352. The defendants and magistrate judge construed the complaint liberally to also contain a separate Workers' Disability Compensation Act claim.

The four defendants filed joint motions for judgment on the pleadings and for summary judgment addressing all counts except the retaliation count. Judge Ivy issued a report

recommending that the Court grant the motion for judgment on the pleadings except as to the plaintiff's Title VII and state-law retaliation claims, because the defendants did not specifically address those claims in their motions.  The Court adopted the report and granted the defendants' motion in part.  On September 15, 2022, the Court held a status conference with the plaintiff and counsel for the defendants, during which defense counsel made an oral motion for leave to file an additional dispositive motion to address the remaining retaliation claims.  The Court granted the defendant's motion, and on October 14, 2022, the defendants filed the instant motion for judgment on the pleadings or, in the alternative, summary judgment on the plaintiff's remaining claims.  The defendants also move for the Court to dismiss the complaint involuntarily for failure to prosecute, arguing that the plaintiff has done nothing to advance his retaliation claims but instead continues to file motions and other documents in support of his previously-dismissed Workers' Compensation claim.

C.

Judge Ivy recommended that the Court grant the defendants' motion for judgment on the pleadings and for summary judgment.  He observed that although the plaintiff made several cursory allegations of retaliation in his complaint, the allegations were factually undeveloped.  He noted that the plaintiff's complaint does not allege to whom the plaintiff complained about racial harassment or discrimination or otherwise connect his suspension and termination to his race or national origin.  Judge Ivy concluded that the plaintiff did not allege plausibly that the defendants knew that he complained about racial harassment or discrimination.

Even if the plaintiff pleaded a *prima facie* claim of retaliation, Judge Ivy suggested, the defendants would be entitled to summary judgment.  He determined that the defendants brought forth sufficient facts establishing that the plaintiff was suspended and then fired from his job due

to his inappropriate conduct, including his use of abusive language and bothering of a female coworker.  He also found that the plaintiff failed to rebut this evidence or any of the defendants' arguments, but instead filed a response brief focused solely on his workers' compensation claim. Judge Ivy therefore concluded that the plaintiff had failed to establish a question of material fact on any element of his retaliation claims.

Because he recommended granting the defendants' motion under Rule 12(c) and Rule 56, Judge Ivy did not address their argument for dismissal for failure to prosecute.

## II.

The plaintiff filed four largely inscrutable objections to Judge Ivy's report.  *First*, he objects to the magistrate judge's purported finding that he did not submit certain medical evidence to rebut the defendants' Eleventh Amendment immunity defense.  *Second*, he appears to object to the dismissal of his Whistleblowers' Protection Act and Workers' Disability Compensation Act claims.  (His second objection is labeled both "Objection No. 2" and "Objection No. 3.").  *Third*, he objects again to the Court's previous order dismissing of all his claims except for his Title VII and state-law retaliation claims.  He also recites numerous allegations against the Court, alleging that it committed wire fraud, barred him from mailing legal correspondence to the Court, wrote the defendants' briefs, unlawfully kidnapped him, and wrongfully confined him to a hospital for psychotherapy treatment.  *Fourth*, he contends that he has offered circumstantial evidence of racial and national origin discrimination by alleging that he was fired after complaining that white employees were permitted to clock in first, and his manager, Paugh, knew about said complaint.

When a party objects to a report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v.*

*Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

This review is not plenary, however.  "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## A.  Objections 1 through 3

The plaintiff's first three objections appear entirely to be unrelated to Judge Ivy's February 8, 2023 report and recommendation.  The objections do not dispute any of Judge Ivy's findings, explain how Judge Ivy erred, or offer arguments relevant to the retaliation causes of action.  Instead, they appear to take issue with Judge Ivy's previous report and the Court's order adopting it and dismissing the plaintiff's workers' compensation and whistleblower claims.  A party's objections to a magistrate judge's report "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Here, the objections not only "failed to specify the findings that [the plaintiff] believed were in error," they also failed even to "dispute[] the correctness of the magistrate's recommendation." *Ibid.*  The plaintiff's failure to focus the Court's attention on any specific issues

for review has the same effect as would a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The plaintiff's first, second, and third objections to the magistrate judge's report will be overruled.

## B.  Objection 4

In his fourth objection, the plaintiff appears to take issue with Judge Ivy's findings that he failed to plead plausible retaliation claims.  However, the objection again presents no developed argument explaining how the allegations in the complaint give rise to cognizable retaliation claims under federal law.

It is well settled that *pro se* plaintiffs "enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] *pro se* complaint, [are held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But notwithstanding the liberal reading of the pleadings, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)).

Federal courts review claims of alleged race discrimination and retaliation brought under the Elliott-Larsen Civil Rights Act under the same standards as claims of race discrimination brought under Title VII.  *Rogers v. Henry Ford Health System*, 897 F.3d 763, 771 (6th Cir. 2018); *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 464 (6th Cir. 2001)); *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 771 (6th Cir. 2018).  Title VII prohibits an employer from retaliating

against an employee who has opposed an "unlawful employment practice." 42 U.S.C. § 2000e–3(a).

To establish a *prima facie* case of retaliation under Title VII, the plaintiff must demonstrate that: "(1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) (quoting *Jones v. Johanns*, 264 F. App'x 463, 466 (6th Cir. 2007)).  The plaintiff's burden of establishing a materially adverse employment action is "less onerous in the retaliation context than in the anti-discrimination context," because a lower standard for material adversity applies.  *Id.* at 731 (quoting *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 594 (6th Cir. 2007)).  For retaliation to be actionable, a plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (quotations omitted).  And the plaintiff must allege at least some facts that support the inference of a causal connection between the adverse action and the protected conduct.  *Laster*, 746 F.3d at 730.

After establishing a *prima facie* case, "the burden of production of evidence shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its actions." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 996 (6th Cir. 2009) (quoting *Canitia v. Yellow Freight Sys.*, 903 F.2d 1064, 1066 (6th Cir. 1990)).  "The plaintiff, who bears the burden of persuasion throughout the entire process, then must demonstrate 'that the proffered reason was not the true reason for the

employment decision.'" *Canitia*, 903 F.2d at 1066 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

Here, the complaint broadly alleges in conclusory fashion that the plaintiff was suspended and terminated for his "opposition to an apparent Title VII violation." *Wasek v. Arrow Energy Services, Inc*., 682 F.3d 463, 469 (6th Cir. 2012) (defining the two types of protected activity under Title VII). However, it is devoid of *facts* that even hint that the plaintiff's complaints were casually connected to his suspension or termination. The complaint does not state to whom the plaintiff complained, or when, or about what violations. Thus, there is no factual content in the complaint from which the Court could draw a reasonable inference that the defendants knew that the plaintiff engaged in protected activity and fired him has a result. *Cf. Keys v. Humana, Inc*., 684 F.3d 605, 610 (6th Cir. 2012) (finding Title VII claim plausibly pleaded because it "contains allegations that are neither speculative nor conclusory"); *Crowder v. Railcrew Xpress*, 557 F. App'x 487, 493 (6th Cir. 2014) (same).

The substance of the objections merely reiterates the conclusory narrative that makes up most of the pleadings. Nowhere in the objections does the plaintiff present any coherent, developed argument identifying any legal or factual error in the magistrate judge's conclusions. Again, a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. *Howard*, 932 F.2d at 509. A party may not simply disagree with the magistrate judge's ruling; he must state *why* he believes an error was committed.

The fourth objection will be overruled.

III.

The plaintiff's objections provide insufficient reason why the recommendation for dismissal should not be adopted. The magistrate judge correctly concluded that the plaintiff's complaint fails to state plausible retaliation claims.

Accordingly, it is **ORDERED** that the magistrate judge's second report and recommendation (ECF No. 128) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 129) are **OVERRULED**.

It is further **ORDERED** that the defendant's second motion for judgment on the pleadings or for summary judgment (ECF No. 114) is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** in its entirety.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  June 30, 2023

- 11 -